■ MYRNA LABOW, Respondent, v RONALD LABOW, Appellant.—Order and judgment, Supreme Court, New York County (Arthur E. Blyn, J.), entered November 6, 1986 and November 7, 1986, respectively, which (a) in the order, *inter alia:* (1) directed defendant husband Mr. Ronald Labow (Mr. Labow) to pay the plaintiff wife Mrs. Myrna Labow (Mrs. Labow) $59,128.87 in arrears, pursuant to a 1978 divorce judgment, (2) directed defendant Mr. Labow to pay plaintiff Mrs. Labow $52,250 in penalties for not timely paying his support obligations pursuant to the subject divorce judgment, and (3) rescinded prior court orders, which permitted defendant Mr. Labow to receive credit against his arrears for utilities and cooperative maintenance payments made by a trust; and (b) in the judgment, *inter alia,* carried into effect the payment provisions of the order, entered November 6, 1986, mentioned, *supra,* which directed defendant Mr. Labow to pay plaintiff Mrs. Labow $111,378.87 (which included $52,250 in penalties), are unanimously modified, on the law, to the extent of deleting and vacating those portions of the order and judgment which directed defendant Mr. Labow to pay to plaintiff Mrs. Labow penalties in the amount of $52,250, and remanding the matter to the I.A.S. court for the purpose of determining the actual loss and injury plaintiff Mrs. Labow may have sustained as a result of defendant's late payment of his support obligations, pursuant to the 1978 divorce judgment, and except as thus modified, otherwise affirmed, with costs to plaintiff-respondent.

Order, of the same court and Justice, entered June 23, 1986, which, *inter alia,* directs defendant Mr. Labow to pay plaintiff

Mrs. Labow a penalty of $250 per day, in the future, for each day the defendant Mr. Labow is late in the payment of his support obligations, pursuant to the 1978 divorce judgment, is unanimously modified, on the law, to the extent of deleting that portion of the order which directs defendant Mr. Labow to pay a penalty of $250 per day, and remanding the matter to the I.A.S. court for the purpose of determining the actual loss and injury plaintiff Mrs. Labow may have sustained as a result of defendant's late payment of his obligations, pursuant to the 1978 divorce judgment, and except as thus modified, otherwise affirmed, with costs to plaintiff-respondent.

Order of the same court and Justice, entered March 26, 1987, which, *inter alia:* (1) denied defendant Mr. Labow's cross motion to renew the orders, entered June 23, 1986 and November 6, 1986, mentioned *supra,* and (2) directs defendant, Mr. Labow, to pay plaintiff, Mrs. Labow, a fine of $500 per day, in the future, for each day the defendant is late in the payment of his support obligations, pursuant to the 1978 divorce judgment, is unanimously modified, on the law, to the extent of deleting that portion of the order which directs defendant, Mr. Labow, to pay a fine of $500 per day, and remanding the matter to the I.A.S. court for the purpose of determining the actual loss and injury plaintiff Mrs. Labow may have sustained as a result of defendant's late payment of his support obligations, pursuant to the 1978 divorce judgment, and except as thus modified, otherwise affirmed, with costs to plaintiff-respondent.

Plaintiff, Mrs. Labow, instituted in 1974, in Connecticut, an action for divorce against defendant. Thereafter, in July 1977, defendant Mr. Labow, who is a lawyer, was found guilty of contempt by a Connecticut Judge, upon the basis that he avoided the court's jurisdiction when plaintiff attempted to enforce court orders against him. Subsequently, defendant and his counsel appear to have continuously followed a course of avoiding court appearances. Finally, on August 28, 1978, plaintiff obtained a Connecticut divorce judgment against defendant, on default, in view of the fact neither defendant Mr. Labow nor his attorney appeared.

Our examination of the record indicates that, prior to the commencement of the Connecticut divorce action, the parties and their children enjoyed a high standard of living, which included a Park Avenue apartment in New York County, a country home in Connecticut, expensive clothes and a chauffeured limousine, and in general, lived an elaborate life-style.

Subsequent to the Connecticut divorce judgment, on October

10, 1978, acting *pro se,* as plaintiff Mrs. Labow has done throughout this matter, she filed the Connecticut judgment in the Supreme Court, New York County.

After examining the record, we conclude that defendant Mr. Labow, although a person of great wealth, has consistently pursued a course, for almost a decade, of only paying his support obligations when he was either held in, threatened with, or jailed for contempt.

We note in passing that the procedure of the use of an income deduction order has not been of help in the instant matter in collecting arrears from defendant Mr. Labow, since he is self-employed and records only the amount of income he chooses.

The I.A.S. court directed in its order, entered June 23, 1986, that defendant Mr. Labow pay plaintiff Mrs. Labow a penalty of $250 per day for each day he is late in the payment of his support obligations; in its order and judgment, entered November 6 and November 7, 1986, respectively, based upon the amount of defendant Mr. Labow's arrears, he was directed to pay to plaintiff Mrs. Labow $52,250 in penalties; and, in its order, entered March 26, 1987, that defendant Mr. Labow pay a fine of $500 per day for each day he is late in the payment of his support obligations. It is obvious to us that the Trial Justice was totally frustrated by this defendant's continuing contemptuous conduct in ignoring numerous court orders. This conduct, improper by any party, is particularly egregious when committed by an officer of the court.

However, we find that the I.A.S. court erred in imposing these penalties and fines, since they were imposed punitively, and not to compensate the plaintiff for an actual provable loss or injury *(State of New York v Unique Ideas,* 44 NY2d 345, 349 [1978]; *Matter of McCormick v Axelrod,* 59 NY2d 574, 582-583 [1983]). A unanimous Court of Appeals stated in *State of New York v Unique Ideas (supra,* at 349) that: "[U]nlike fines for criminal contempt where deterrence is the aim and the State is the aggrieved party entitled to the award [citations omitted], civil contempt fines must be remedial in nature and effect *(Gompers v Bucks Stove & Range Co.,* 221 US 418). The award should be formulated not to punish an offender, but solely to compensate or indemnify private complainants".

Accordingly, we modify and delete from the orders and judgment, discussed *supra,* all references to penalties and fines, and remand to the I.A.S. court for the purpose of determining the actual loss and injury plaintiff Mrs. Labow

may have sustained as a result of defendant Mr. Labow's late payment of support.

We have examined the other points raised by defendant Mr. Labow and find them to be without merit. Concur—Ross, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.