■ ROXANNE ELDRIDGE, Respondent, v STEPHEN ELDRIDGE, Appellant.—Judgment of the Supreme Court, New York (Jack Turret, J.), entered April 10, 1987, which, *inter alia,* granted a divorce, distributed the parties' property, and directed defendant husband to pay directly to plaintiff wife's attorney the sum of $2,500 as counsel fees, is modified, on the law and the facts, to delete the provision for payment of counsel fees, and otherwise affirmed, without costs.

Although the parties' financial circumstances were found not to warrant an award of counsel fees, the husband was directed to pay $2,500 directly to the wife's attorney because, in the opinion of the Judicial Hearing Officer appointed on consent of the parties to hear and determine the issues relating to equitable distribution, custody, child support and attorneys' fees, his failure to timely comply with "directions" or "instructions" to pay the wife child support "subjected the Court and plaintiff's attorney to extended hearings and unnecessary delays". The decision of the Judicial Hearing Officer does not particularly describe either the orders disobeyed or the delays caused thereby, but our own review of the record shows that any delays attributable to the husband were brief, justified by the withdrawal of his attorney, and were not the result of any failure on his part to make timely child support payments. Moreover, to the extent that it can be said that the record demonstrates a willful failure by the husband to obey a court order directing payment of child support *(see,* Domestic Relations Law § 237 [c]), such failure was brief, and did not cause the wife to make a motion or incur any other identifiable expense *(compare, Davis v Davis,* 128 AD2d 470, 479-480). Since it appears that the award of counsel fees was meant to

punish the husband rather than compensate the wife, it was not proper and should be vacated *(Labow v Labow,* 133 AD2d 564, 566). Concur—Sandler, J. P., Kassal, Wallach and Smith, JJ.

Ellerin, J., dissents in part in a memorandum as follows: I would affirm the entire judgment including the limited award for counsel fees occasioned by defendant's conduct.

The Judicial Hearing Officer, after extended hearings, carefully distributed the parties' property giving consideration to all the applicable criteria and was intimately familiar with this complicated and emotionally charged matter in all its aspects. While he concluded that the financial circumstances of the plaintiff made an award of ordinary counsel fees unnecessary, he did grant a very modest award of $2,500 to cover the enhanced cost of counsel fees as a result of the defendant's dilatory and obstructive conduct. While the majority would eliminate that award because it does not detail with exactitude the precise extent of the delay stemming from that conduct, it represents a qualitative judgment by the person in the best position to evaluate the consequential cost of defendant's actions. Since the majority's adoption of every other aspect of the Judicial Hearing Officer's report manifests its approval of his evaluative judgment with respect to economic matters involving far greater value, I am at a loss to understand its rejection of that same sound judgment on this limited issue.