■ MICHAEL D. HAYDOCK, Appellant, v ROSE A. HAYDOCK, Now Known as ROSE A. MONTANA, Respondent. [679 NYS2d 165] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered May 20, 1997 in Albany County, which, *inter alia,* directed plaintiff to take all steps necessary to assure passage of a one-person legislative bill to change his retirement benefit to joint allowance full option with defendant named as beneficiary, (2) from an amended order and judgment of said court, entered July 1, 1997 in Albany County, which, *inter alia,* fixed arrears due and owing to defendant, and (3) from an order and judgment of said court, entered September 23, 1997 in Albany County, which awarded defendant counsel fees.

When this case was last before us, we affirmed Supreme Court's domestic relations order which compelled plaintiff to receive his retirement benefits pursuant to the "Joint Allowance-Full" option in accordance with the parties' separation agreement which was incorporated but not merged into the judgment of divorce (237 AD2d 748).[1] However, we reversed the award of $1,000 in counsel fees and remitted the matter for a hearing to determine how much of the $3,000 legal bill submitted by defendant's counsel was attributable to the enforcement of the separation agreement as opposed to defending plaintiff's motion to terminate maintenance and change his pension option.

In a decision and order dated May 8, 1997, Supreme Court ordered plaintiff to, *inter alia,* "take all steps necessary to assure passage of a one-person legislative bill in order to change

tion would be conducted. The record, however, fails to reveal whether a report was received.

1. The separation agreement provides, in relevant part, that: "[plaintiff] shall elect the maximum then available joint and survivor annuity option as designated by [defendant] in order to benefit [defendant], said option being the 'Joint Allowance-Full' option or an equivalent thereto".

his retirement benefit to a Joint Allowance-Full option with [defendant] as named beneficiary" and "obtain a life insurance policy with an aggregate death benefit of $500,000 for the benefit of defendant, which is to remain in full force and effect until passage of a legislative bill changing his retirement option". In addition, the court ordered plaintiff to pay defendant the additional sum of $1,000 monthly from his retirement allowance,[2] retroactive to July 18, 1995, until that change was effected.

Thereafter, on July 1, 1997, Supreme Court conducted a combined hearing on defendant's claims for arrears arising from plaintiff's failure to make the $1,000 payments from his retirement allowance, as well as counsel fees pursuant to the previous direction of this Court and in connection with subsequent applications for counsel fees. At the hearing, defendant submitted a retainer agreement executed July 12, 1995 establishing that $1,500 had initially been paid. Defendant's attorney testified as to the extent and value of his services in various enforcement proceedings from July 12, 1995 to the date of the hearing. Plaintiff called no witnesses. Supreme Court fixed arrears at $23,000 and signed an amended domestic relations order on July 1, 1997 directing plaintiff's pension plan to deduct $1,000 per month until they are paid. It also awarded counsel fees to defendant's attorneys in the amount of $17,495 and directed the entry of judgment in that amount. Plaintiff appeals.

Contrary to plaintiff's first contention, we find that Supreme Court's award of counsel fees "was within its discretion and in accordance with the parties' separation agreement" (*Leifer v Leifer*, 230 AD2d 717, 718; *see*, Domestic Relations Law § 238). We note that the record establishes that the parties' agreement obligates plaintiff to pay reasonable counsel fees required by defendant to enforce the terms of the agreement. It is clear that plaintiff violated the terms of the agreement when he unilaterally selected the single-life pension option which eliminated survivorship benefits for defendant and permitted the lapse of a $120,000 life insurance policy naming defendant as the irrevocable beneficiary. Thus, defendant was entitled to commence proceedings to enforce the terms of the agreement. In our view, the testimony of defendant's attorney satisfactorily established the nature, time and value of the legal services

---

**2.** The domestic relations order signed in July 1995 provided for defendant to receive her *Majauskas* share (*see*, *Majauskas v Majauskas*, 61 NY2d 481) of $784.58 monthly and a further execution of $200 per week until maintenance arrears of $866.67 were paid.

rendered to defendant in connection with the enforcement of the parties' agreement.

Furthermore, the equities of the case strongly favored an award of counsel fees. But for plaintiff's acts, plaintiff would have avoided these protracted and costly enforcement proceedings. Moreover, plaintiff effected his pension election under a veil of deceit. He made the election the day after securing the order to show cause which brought on his motion for permission to change pension options. He did not disclose that fact to Supreme Court upon oral argument of the motion and permitted his counsel to represent to the court that no change in pension status would occur during the pendency of the motion, thus assuring irrevocability. We also find unpersuasive plaintiff's contention that the court failed to examine the financial circumstances of the parties in making the counsel fees award. Based upon the evidence presented, Supreme Court could rationally conclude that defendant's claim for counsel fees was reasonable under all of the circumstances. Accordingly, we find no abuse of the court's discretion in awarding counsel fees.

We also reject plaintiff's contention that Supreme Court's direction that he cooperate in the passage of a one-person legislative bill impermissibly intruded upon the Legislature's prerogative to enact legislation. Clearly, the court has not directed the Legislature to enact this or any other legislation. In our view, the court's direction appears to be the "kind of * * * creative problem solving that the Domestic Relations Law and equity itself demand" (*McSparron v McSparron*, 87 NY2d 275, 281).

Finally, we do find insufficient evidence in the record to enable us to evaluate Supreme Court's determination that, for his misdeeds, plaintiff should pay defendant an additional $1,000 per month from his retirement allowance and obtain a life insurance policy with an aggregate death benefit of $500,000 for defendant's benefit until passage of a private legislative bill changing his retirement option. While we understand and appreciate that the court was motivated by a desire to compensate defendant for her loss of survivorship benefits under plaintiff's pension plan, nevertheless there is insufficient evidence of the replacement value of those rights in the record before us. Absent "actual provable loss or injury" (*Labow v Labow*, 133 AD2d 564, 566), the monetary award and the direction to obtain the $500,000 life insurance policy may constitute impermissible penalties on plaintiff rather than compensation or indemnification for defendant (*see, State of*

*New York v Unique Ideas*, 44 NY2d 345, 349). Accordingly, we hold our decision on this appeal in abeyance and remit the matter to Supreme Court for further development of the record with regard to the replacement value of defendant's lost survivorship benefits under plaintiff's pension plan. Supreme Court shall file its report within 90 days of the date of this decision.

Mikoll, Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.