■ MICHAEL D. HAYDOCK, Appellant, v ROSE A. HAYDOCK, Now Known as ROSE A. MONTANA, Respondent. [689 NYS2d 554] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered May 20, 1997 in Albany County, which, *inter alia*, directed plaintiff to take all steps necessary to assure passage of a one-person legislative bill to change his retirement benefit to "Joint Allowance-Full" option with defendant named as beneficiary, (2) from an amended order and judgment of said court, entered July 1, 1997 in Albany County, which, *inter alia*, fixed arrears due and owing to defendant, and (3) from an order and judgment of said court, entered September 23, 1997 in Albany County, which awarded defendant counsel fees.

By decision dated October 22, 1998 (254 AD2d 577), we found that Supreme Court properly awarded counsel fees to defendant's attorneys in the amount of $17,495. We also found that the court did not impermissibly intrude upon the Legislature's prerogative to enact legislation when it directed plaintiff to take all necessary steps to assure passage of a one-person legislative bill changing his retirement benefit to a "Joint Allowance-Full" option with defendant as named beneficiary.

We withheld determination and remitted the matter to Supreme Court on the issue of whether plaintiff was properly directed to pay defendant an additional $1,000 per month from his retirement allowance and obtain a life insurance policy with an aggregate death benefit of $500,000 for defendant's benefit until passage of the private legislative bill. On remittal, we requested the court to develop the record with regard to the replacement value of defendant's lost survivorship benefits.

A hearing was held in Supreme Court on December 29, 1998. Defendant's expert, John Johnson, the sole witness at the hearing, testified that defendant's statistical life expectancy exceeded plaintiff's and noted that she would suffer losses of $2,435 per month (the total monthly benefit which would have resulted from a joint annuity selection) for each month she survived plaintiff. Explaining that it was impossible to specifically quantify defendant's possible economic loss since it was

dependent upon the parties' life spans, Johnson expressed it as a range of values from zero, if defendant predeceased plaintiff, to approximately $417,000 (assuming a 7% discount rate) if plaintiff had died on May 8, 1997 (the date Johnson used for measurement purposes) and defendant lived beyond her life expectancy until age 100. In its report dated January 20, 1999, Supreme Court noted plaintiff's objection that Johnson's calculation was based upon the measurement date of May 8, 1997. The court utilized Johnson's alternative calculation of $376,000 as defendant's maximum loss, based upon the assumptions that plaintiff died "immediately" and defendant lived out her statistical life expectancy. To this amount the court added the $50,000 value of the lapsed life insurance policy that plaintiff was previously ordered to provide under the terms of the parties' separation agreement and determined that the replacement value of defendant's lost survivorship benefits was $426,000. Thus, the court found that its order was supported by sufficient evidence in the record.

Plaintiff contends that Supreme Court's selection of the worst possible scenario—from his standpoint—as the replacement value for defendant's lost survivorship benefits was arbitrary and hypothetical. Defendant counters that the only way to ensure that she receives the expected value of her pro rata share of plaintiff's pension benefits is through life insurance which insures plaintiff in an amount that will reimburse her for her maximum possible risk of loss. We agree with defendant.

As defendant's expert noted in his report, "had [plaintiff] elected to receive his pension benefits as a joint annuity, [defendant] would have been assured of receiving her pro rata share of these benefits over her lifetime". We perceive no other means of fairly mitigating the risks imposed upon defendant as a result of plaintiff's improper selection of the single-life annuity option than a requirement that he be insured in an amount that would reimburse defendant if she lived out her statistical life expectancy, measured, however, from the date of the hearing and assuming plaintiff's death on or immediately after that date. That amount, derived by totaling the present value of the entire joint annuity payment beginning in 1999 and extending over defendant's remaining life expectancy as shown on schedule 1 (A) of defendant's exhibit C, is $332,726. However, because there was also evidence that defendant maintained policies insuring plaintiff's life in the total sum of $75,000 (paid from the $1,000 received from plaintiff's retirement allowance pursuant to Supreme Court's order), that sum

should be credited to plaintiff's obligation to replace the value of defendant's lost survivorship benefits by reducing it to a present value of $257,726.*

Next, we find unavailing plaintiff's contention that he was improperly directed to pay defendant an additional $1,000 per month from his retirement allowance. The record shows that defendant presently pays $515 per month of that sum to maintain $75,000 of life insurance on plaintiff. Extrapolating from that expense as Johnson did, it is apparent that the $1,000 only funds a portion of the insurance coverage necessary to replace the value of defendant's lost survivorship benefits. Accordingly, Supreme Court did not abuse its discretion by directing defendant to pay this additional sum.

Mikoll, Mercure, Peters and Carpinello, JJ., concur. Ordered that the order, amended order and judgment, and order and judgment are modified, on the law, without costs, by reversing so much thereof as directed plaintiff to obtain life insurance coverage with an aggregate death benefit of $500,000; plaintiff is hereby directed to obtain life insurance coverage with an aggregate death benefit of $257,726 for the benefit of defendant, which is to remain in effect until passage of a legislative bill changing his retirement benefit to a "Joint Allowance-Full" option with defendant as named beneficiary; and, as so modified, affirmed.

* Since plaintiff's remaining obligation to provide defendant with $50,000 of life insurance on a lapsed policy did not arise from his failure to elect the "Joint Allowance-Full" retirement option, but rather his breach of the terms of the parties' separation agreement, that sum should not have constituted an add-on to the replacement value of defendant's lost survivorship benefits.