■ LAURIE A. RUSSO, Appellant, v NEIL A. RUSSO, Respondent. [712 NYS2d 622] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Mahon, J.), entered March 26, 1999, which, after a nonjury trial, *inter alia*, granted each of the parties a divorce on the ground of constructive abandonment, distributed the marital property, and failed to award her child support for the parties' two children.

Ordered that the appeal from so much of the judgment as granted the plaintiff a divorce is dismissed, without costs or disbursements, as she is not aggrieved thereby; and it is further,

Ordered that the judgment is modified, on the law, by adding a provision thereto awarding the plaintiff child support; as so modified the judgment is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount of child support to be awarded to the plaintiff, an explanation of the factors considered in whether or not to apply the Child Support Standards Act to the combined parental income in excess of $80,000, and for the entry of an appropriate amended judgment.

The plaintiff may not appeal from that provision of the judgment which granted her a divorce on the ground of constructive abandonment, since she requested that relief, and therefore is not aggrieved within the meaning of CPLR 5511 (*see, Tongue v Tongue,* 61 NY2d 809).

In its findings of fact and conclusions of law, the Supreme Court applied the formula set forth in the Child Support Standards Act (hereinafter CSSA) to the first $80,000 of combined parental income, and determined that the defendant's basic child support obligation was $158 per week until March 7, 1999, and thereafter, $107 per week until October 15, 2001. However, the court did not set forth its reasons for failing to apply the CSSA formula to combined parental income in excess of $80,000. In addition, the judgment of divorce contains no provision for child support. Accordingly, the matter must be remitted to the Supreme Court for further proceedings, including the entry of an amended judgment awarding child support to the plaintiff (*see, Matter of Cassano v Cassano,* 85 NY2d 649; *Manno v Manno,* 224 AD2d 395).

The plaintiff's accounting practice was properly valued based upon its stipulated value as an on-going enterprise. The plaintiff's enhanced earnings attributable to her education and

license as a certified public accountant acquired during the marriage were properly computed based upon a comparison of her actual earnings with the earnings of a person with an Associate of Arts degree, which was her educational level prior to the marriage (*see, McSparron v McSparron,* 87 NY2d 275, 284; *Finocchio v Finocchio,* 162 AD2d 1044).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Sullivan, Krausman and Goldstein, JJ., concur.