■ JOHN A. FINN, Appellant, v JEANNE M. FINN, Respondent. [715 NYS2d 800] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered March 2, 1999 in Broome County, which denied plaintiff's motion to modify visitation, (2) from an order of said court, entered August 11, 1999 in Broome County, which, *inter alia*, continued visitation as previously ordered, (3) from an order of said court, entered November 3, 1999 in Broome County, which denied plaintiff's motion to change visitation, stay the divorce proceeding and withdraw the complaint, (4) from an order of said court, entered November 30, 1999 in Broome County, which, *inter alia*, denied plaintiff's motion for a stay of the divorce, and (5) from a judgment of said court, *inter alia*, granting plaintiff a divorce and ordering equitable distribution of the parties' marital property, entered November 30, 1999 in Broome County, upon a decision of the court.

Plaintiff commenced this action for divorce on the ground of constructive abandonment. Although answering and asserting a counterclaim for a divorce on the ground of cruel and inhuman treatment, defendant ultimately agreed to withdraw same and to permit a judgment of divorce to be entered on default based on the allegations in the complaint. The nonjury trial that ensued, therefore, concerned only equitable distribution of the parties' minimal marital assets—plaintiff's pension earned entirely during the parties' 15-year marriage, the marital residence, the parties' vehicles and some personal household items—and custody and visitation of their children, two daughters then ages 12 and 15.

At trial, plaintiff, who was proceeding *pro se* having discharged two previous attorneys, presented no evidence on the value or proper distribution of any separate and/or marital property. Rather, his case focused primarily on his relationship with the children and defendant's alleged attempts to alienate them from him. During defendant's case, testimony was adduced concerning the value of the marital assets, particularly plaintiff's pension and the residence that the parties built during the marriage on property owned separately by plaintiff. The girls were also interviewed in camera by Supreme Court.

With respect to equitable distribution, Supreme Court valued the marital residence at $66,500 and, after crediting plaintiff $31,000 for the value of his separate property and his repayment of certain marital indebtedness, awarded defendant a $17,750 distributive award, representing her one-half interest

in the net value of the residence.[1] The court further determined that defendant was entitled to a qualified domestic relations order for her interest in the pension and awarded her counsel fees. With respect to custody and visitation, the court awarded the parties joint custody with defendant having primary physical custody, it ordered plaintiff to pay child support and it continued a prior visitation order. Plaintiff appeals from various intermediate orders of the court, as well as the final judgment of divorce.[2]

The essence of plaintiff's arguments on appeal is that Supreme Court erred in its custody and visitation determinations because defendant subjected him and the children to "parental alienation." According due deference to the court's findings on these issues, we are satisfied that its decision is grounded on sound legal principles, namely, the children's best interests under the totality of the circumstances (*see, Eschbach v Eschbach*, 56 NY2d 167) and is supported by a substantial basis in the record (*see, Matter of De Losh v De Losh*, 235 AD2d 851, *lv denied* 89 NY2d 813). Despite repeated accusations by plaintiff that defendant conspired with her new companion to destroy the parental bond between himself and the children, the transcript of the proceedings simply does not bear out this contention. Simply put, plaintiff failed to prove that defendant engaged in any conduct which intentionally or inadvertently alienated him from the children. Nor did he prove that defendant's relationship with her new companion had a harmful effect on the children such that the award of physical custody to her was not in their best interests.

The record does, however, reveal that defendant has been the children's primary caregiver over the years and enjoys a normal, healthy relationship with them in a stable and supportive environment. They engage in activities such as shopping, skiing, cooking and volunteering. They also read together, watch television and play games. The children are expected to do chores around the house and are excellent students. Moreover, despite plaintiff's overt bitterness over the breakup of the marriage and questionable conduct toward defendant since same, defendant encourages the children to visit and forge a relationship with their father.

1. Notably, plaintiff conceded at trial that defendant was entitled to one half of the value of the residence.

2. Entry of the judgment of divorce requires that the appeals from the intermediate orders be dismissed (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from these orders are brought up for review and have been considered on the appeal from the judgment of divorce (*see,* CPLR 5501 [a] [1]).

Plaintiff, on the other hand, does not enjoy a positive relationship with his daughters, primarily because of his own conduct over the years. Following the parties' marital discord, plaintiff eavesdropped on defendant's personal calls, intentionally struck a vehicle in which she was a passenger with his own vehicle and made derogatory remarks about her, both publicly and privately. To this end, Supreme Court found, and the record supports, that "[p]laintiff appears to be embittered and angry about the marital breakup and has allowed such emotions to adversely affect his relationship with his daughters." We note that both children expressed their wishes by indicating their desire to live with defendant and have limited visitation with plaintiff. Given the totality of the circumstances, as set forth in the record before us, we discern no basis to disturb any aspect of the judgment of divorce concerning custody or visitation (see, Matter of Rauschmeier v Rauschmeier, 237 AD2d 702).

To the extent that plaintiff takes issue with that aspect of the judgment granting him a divorce on the ground of constructive abandonment, he is not an aggrieved party within the meaning of CPLR 5511, the court having granted him the very relief he requested (see, Russo v Russo, 275 AD2d 406; see also, Tongue v Tongue, 61 NY2d 809, 810). Finally, upon our review of Supreme Court's distribution of the parties' marital property, we find no abuse of discretion in any aspect thereof.

All other issues, to the extent not discussed, have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the appeals from orders are dismissed, without costs. Ordered that the judgment is affirmed, without costs.