■ PATRICIA A. MILTEER, Respondent, v JOHN R. MILTEER, Appellant. [720 NYS2d 194] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an amended judgment of the Supreme Court, Orange County (Williams, J.H.O.), entered November 8, 1999, which, *inter alia*, (1) valued the plaintiff's nursing license at only $32,000 and failed to award him any portion of the value of that license, (2) awarded the plaintiff the sum of $22,000 as her share of the value of his promotion to Sergeant as a New York State Correction Officer, (3) credited the plaintiff with

one-half of the mortgage payments and other expenses in determining his equitable share of the marital residence, (4) awarded the plaintiff 35% of his pension, which was valued at $251,906, (5) awarded the plaintiff $8,850 as an attorney's fee, and (6) awarded the plaintiff continued child support.

Ordered that the amended judgment is modified, on the law and as an exercise of discretion, by deleting the eleventh, twelfth, and thirteenth decretal paragraphs thereof equitably distributing the parties' marital property and awarding the plaintiff an attorney's fee; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and the entry of an appropriate amended judgment.

The Supreme Court improvidently exercised its discretion in accepting the valuation of the plaintiff's expert concerning her nursing license. The expert used an improper base-line wage in calculating the difference in the plaintiff's earning potential with and without the nursing license (see, McSparron v McSparron, 87 NY2d 275). Moreover, the Supreme Court improperly determined that this asset was not marital property (see, McSparron v McSparron, supra; Morales v Morales, 230 AD2d 895). Accordingly, the matter must be remitted to the Supreme Court for a new determination as to the value of the license and the defendant's equitable share thereof.

The defendant's promotion to the position of Sergeant as a New York State Correction Officer is not a marital asset subject to equitable distribution. A promotion in a civil service occupation is distinguishable from a license or degree, or from a specialized skill, e.g., opera singer or professional athlete (see generally, Elkus v Elkus, 169 AD2d 134). The higher salary received by the defendant because of his promotion was taken into consideration in calculating his child support obligation.

The Supreme Court improvidently exercised its discretion in accepting the valuation of the defendant's pension prepared by the plaintiff's expert. That expert's report based the value of the pension on an assumption that the defendant would retire at the age of 50, and failed to set forth most of the calculations used in arriving at the value. The only calculation that was set forth was based on an improper assumption regarding the present value of the pension. Accordingly, the matter is remitted to the Supreme Court, Orange County, for a new determination as to the value of the defendant's pension. Since our determination may result in a substantial decrease in the value of the defendant's pension, we have deleted the provision of the judg-

ment which awarded the plaintiff 35% of its value, and the Supreme Court should redetermine the parties' equitable shares of the pension upon its revaluation.

The Supreme Court awarded the plaintiff an attorney's fee without explaining the reason for the award. The plaintiff argues that the award was for the alleged obstructionist tactics of the defendant. The plaintiff claims that the defendant attempted to litigate many issues which had been settled pursuant to a stipulation. However, there is no evidence that the defendant acted improperly. Thus, the award of an attorney's fee to the plaintiff was inappropriate under the circumstances (*cf., Leabo v Leabo,* 203 AD2d 254; *Eldridge v Eldridge,* 141 AD2d 371; *Theroux v Theroux,* 112 AD2d 288; *Merrick v Merrick,* 190 AD2d 515; *Cotton v Cotton,* 147 AD2d 436).

In light of our determination the matter must be remitted to the Supreme Court, Orange County, for further proceedings and thereafter for the entry of an appropriate amended judgment.

The defendant's remaining contentions are without merit. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.