■ In the Matter of the Estate of ANORMA K. WOOD, Deceased. DEBRA DONAHUE, as Executor of ANORMA K. WOOD, Deceased, Respondent; DONNA L. PIPER et al., Appellants. [727 NYS2d 716] —Mercure, J. P. Appeals (1) from an order of the Surrogate's Court of Saratoga County (Seibert, Jr., S.), entered October 13, 1999, which, in a proceeding pursuant to SCPA 2103, denied respondents' motion for summary judgment, and (2) from a judgment of said court, entered March 14, 2000, upon a verdict rendered in favor of petitioner.

Donald Wood (hereinafter Wood) died on May 30, 1997. On November 4, 1997, his wife, Anorma K. Wood (hereinafter decedent), also died. On December 9, 1997, petitioner was appointed executor of decedent's estate. Alleging that a handwritten memorandum prepared by Wood on December 16, 1995 evidenced respondents' indebtedness to him in the amount of $17,688.84, that decedent was the sole beneficiary under Wood's will, and that respondents refused to impart knowledge

or information concerning their possession of that sum of money, petitioner brought a proceeding pursuant to SCPA 2103 for an inquiry and examination concerning the existence of that property and judgment ordering its delivery to petitioner.

Respondents were examined under oath on November 4, 1998. They subsequently answered the petition and then moved for summary judgment dismissing the petition upon the grounds that certain mortgages referred to in the attorney's affidavit in support of the petition had been discharged of record and that documents petitioner had marked as exhibits at the November 1998 examination failed to establish that respondents possessed any property of decedent's estate. Surrogate's Court denied the motion and the matter proceeded to a jury trial in February 2000. The jury rendered a verdict in favor of petitioner in the amount of $11,175.78 and judgment was entered for that amount plus interest, costs and disbursements. Respondents appeal both the order denying their summary judgment motion* and the judgment entered on the jury verdict in favor of petitioner.

We affirm. We note that respondents address no arguments to the conduct of the February 2000 jury trial or the ensuing judgment in favor of petitioner and, in fact, have not included the trial transcript in the record on appeal. Rather, all of their contentions are addressed to the propriety of Surrogate's Court's denial of their summary judgment motion. To the extent that those arguments may have survived the final judgment in favor of petitioner, we conclude that the motion was properly denied. Petitioner's claims against respondents were in no way dependent upon the existence of any outstanding mortgages, and there is no reason to believe that the documents marked in evidence at the November 1998 examination constituted the sole evidence in support of the petition. Quite the contrary, based upon the jury's verdict in favor of petitioner and respondents' failure to contest it, we must presume that petitioner presented legally sufficient evidence at trial. Thus, based upon respondents' failure to support their summary judgment motion with competent evidence sufficient to eliminate any material issues of fact from the case, Surrogate's Court was required to deny their motion, regardless of the sufficiency

---

* Although the entry of the judgment on the jury verdict in favor of petitioner requires us to dismiss the appeal from the intermediate order denying respondents' summary judgment motion, the issues raised on the appeal from that order will be considered on the appeal from the judgment (see, CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248; Finn v Finn, 277 AD2d 834, 835 n 2).

of the opposing papers (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the appeal from the order is dismissed. Ordered that the judgment is affirmed, with costs.