■ PATRICIA A. MILTEER, Respondent, v JOHN R. MILTEER, Appellant. [775 NYS2d 334]—

In a matrimonial action in which the parties were divorced by judgment entered November 8, 1999, the defendant appeals, as limited by his brief, from stated portions of an amended judgment of the Supreme Court, Orange County (Williams, J.H.O.), dated October 16, 2002, which, after remittitur by this Court upon a prior appeal (*see Milteer v Milteer,* 280 AD2d 530 [2001]), and after a nonjury trial conducted subsequent thereto, inter alia, (1) determined that his civil service promotion was marital property, (2) valued the plaintiff's nursing license at $32,000 and awarded her the full value thereof, (3) awarded the plaintiff 50% of his pension pursuant to the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984]), and (4) awarded the plaintiff an attorney's fee.

Ordered that the amended judgment is modified, on the law, the facts, and as an exercise of discretion, by deleting the 11th decretal paragraph thereof, subdivisions 1 and 2 of the 12th decretal paragraph, and the 20th and 21st decretal paragraphs, and substituting therefor provisions awarding the defendant 35% of the $32,000 value of the plaintiff's nursing license, and denying the plaintiff an award of an attorney's fee; as so modified, the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

This Court previously determined that the defendant's civil service promotion did not constitute marital property subject to equitable distribution (*see Milteer v Milteer, supra*). Further, this Court determined that the award of an attorney's fee in the

sum of $8,850 was "inappropriate under the circumstances" (*Milteer v Milteer, supra* at 532). Upon remittitur, the Supreme Court improperly determined that the civil service promotion was marital property and improperly awarded the plaintiff an attorney's fee of $8,850 incurred prior to remittitur.

Further, the Supreme Court awarded the plaintiff an additional attorney's fee in the sum of $5,000 payable by the defendant personally as a sanction for counsel's failure to appear at a conference. This was also improper (*see Feldman v Feldman,* 300 AD2d 347, 348 [2002]). Under the circumstances of this case, the plaintiff should not have been awarded an attorney's fee (*see Jabri v Jabri,* 193 AD2d 782 [1993]).

Contrary to the defendant's contention, the valuation of the plaintiff's nursing license at $32,000 is supported by credible evidence adduced at the nonjury trial (*see McSparron v McSparron,* 87 NY2d 275, 284 [1995]; *Russo v Russo,* 275 AD2d 406, 407 [2000]; *Morales v Morales,* 230 AD2d 895 [1996]). As noted by the Supreme Court, the plaintiff's parents paid for her education, she secured credits toward her degree prior to the marriage, she postponed her education, and went to school part-time to accommodate the schedules of her husband and children. However, while the plaintiff obtained her license, the defendant was the sole monetary provider for the home and contributed to the parenting of the parties' children. Under the circumstances of this case, the defendant should have been awarded 35% of the value of that marital asset.

At the commencement of the nonjury trial, the defendant's attorney stated that the valuation of the defendant's pension was "moot" since the pension was to be distributed in accordance with the *Majauskas* formula (*see Majauskas v Majauskas,* 61 NY2d 481 [1984], *supra; Koeth v Koeth,* 309 AD2d 786 [2003]). Accordingly, the defendant charted his course on this issue. We further find that the distribution of 50% of the pension to the plaintiff pursuant to the *Majauskas* formula is supported by the credible evidence in the record of the plaintiff's contribution to the marriage as spouse, homemaker, mother, and wage earner (*see Pelletier v Pelletier,* 242 AD2d 325, 326 [1997]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.