■ JANA GUSKIN, Respondent, v ROBERT GUSKIN, Appellant. [796 NYS2d 642]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Stack, J.), dated July 29, 2003, which, inter alia, equitably distributed the marital assets, (2) an order of the same court dated July 16, 2003, which granted the plaintiff's motion for an award of an attorney's fee in the sum of $10,000 and denied his cross motion for an award of an attorney's fee, and (3) a judgment of the same court dated August 8, 2003, entered upon the order.

Ordered that the appeal from the order dated July 16, 2003, is dismissed, as that order was superseded by the judgment dated August 8, 2003; and it is further,

Ordered that the judgment dated July 29, 2003, is modified, on the law and as a matter of discretion, by deleting subdivisions (e) and (f) of the second decretal paragraph thereof; as so modified, the judgment dated July 29, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated August 8, 2003, is reversed, on the law and as a matter of discretion, the order dated July 16, 2003, is vacated; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issues of the value of the defendant's license to practice podiatric medicine and the distribution of the plaintiff's pension and tax-deferred annuity in light of the defendant's direct and indirect contributions, for a

new determination of the issue of counsel fees, and the entry of an appropriate amended judgment; and it is further,

Ordered that the defendant is awarded one bill of costs.

"The enhanced earning capacity due to acquisition of a professional license during the marriage is clearly a marital asset subject to equitable distribution (*see Grunfeld v Grunfeld,* 94 NY2d 696, 702 [2000]; *McSparron v McSparron,* 87 NY2d 275, 286 [1995]; *O'Brien v O'Brien,* 66 NY2d 576, 584 [1985]; *see also* Domestic Relations Law § 236 [B] [1] [c]; [5] [c])" (*Farrell v Cleary-Farrell,* 306 AD2d 597, 598 [2003]). However, the Supreme Court improperly based its valuation of the defendant's license to practice podiatric medicine on the estimated earnings of a hypothetical license holder, rather than on his actual prior earnings (*see Grunfeld v Grunfeld, supra* at 704; *McSparron v McSparron, supra* at 286; *Fanelli v Fanelli,* 14 AD3d 592 [2005]; *Morales v Morales,* 230 AD2d 895 [1996]).

"When separate property appreciate[d] during the marriage due to the active efforts of the titled spouse, and 'where such appreciation was due in part to the [active] contributions and efforts of the nontitled spouse as a parent and homemaker, the amount of that appreciation should be added to the sum of marital property for equitable distribution' " (*Falgoust v Falgoust,* 15 AD3d 612, 614 [2005], quoting *Price v Price,* 69 NY2d 8, 17 [1986]; *see Hartog v Hartog,* 85 NY2d 36 [1995]). The Supreme Court therefore also erred in distributing the plaintiff's pension and tax-deferred annuity after improperly limiting the defendant's testimony as to his noneconomic contributions to the household during the parties' long-term marriage.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination, after a hearing, as to the value of the defendant's license and distribution of the plaintiff's pension and tax-deferred annuity in light of the defendant's direct and indirect contributions (*see Milteer v Milteer,* 6 AD3d 407, 408 [2004]; *Wagner v Dunetz,* 299 AD2d 347 [2002]; *Barbuto v Barbuto,* 286 AD2d 741, 742-743 [2001]) and entry of an amended judgment. The reassessment of those issues necessitates a reconsideration of the issue of counsel fees (*see* Domestic Relations Law § 237 [a]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.