(April 10, 1995)

■ CHRISTINE BICKNELL, Respondent, v DAVID R. BICKNELL, Appellant. [625 NYS2d 257] —In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an amended judgment of divorce of the Supreme Court, Westchester County (Burrows, J.), entered September 22, 1993, as, upon his default in appearing at the trial of the action, granted certain financial relief to the plaintiff, (2) from an order of the same court entered January 19, 1994, which denied his motion, *inter alia,* to open his default and vacate the amended judgment, and (3) from a "Qualified Domestic Relations Order" of the same court dated January 24, 1994, relating to his pension plan.

Ordered that the appeal from the amended judgment entered September 22, 1993, is dismissed as it was entered upon the appellant's default *(see,* CPLR 5511); and it is further,

Ordered that the order entered January 19, 1994, and the order dated January 24, 1994, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

" 'Although this court has adopted a liberal policy with respect to vacating default judgments in matrimonial actions *(see, D'Alleva v D'Alleva,* 127 AD2d 732; *Antonovich v Antonovich,* 84 AD2d 799; *Hegarty v Hegarty,* 48 AD2d 891), the opening of a default is discretionary' " *(Sayagh v Sayagh,* 205 AD2d 678-679, quoting *Black v Black,* 141 AD2d 689).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the defendant husband's motion to open his default and vacate the amended judgment *(see, Candeloro v Candeloro,* 133 AD2d 731). The defendant failed to establish a reasonable excuse for

his failure to timely return for the trial of this matter, having voluntarily absented himself from the State after having been apprised of the trial date. The alleged inability of the defendant to timely contact the court to confirm the starting date of the trial is, under the circumstances herein, an insufficient excuse for his failure to appear on the date this matter was heard.

Moreover, the evidence adduced at the inquest was sufficient to permit the court to make the determinations it did as to equitable distribution, maintenance, and child support. There was sufficient evidence to show that the defendant was more than capable of earning $150,000 per year as found by the court (see, Feldman v Feldman, 194 AD2d 207; Cusimano v Cusimano, 149 AD2d 397; Raviv v Raviv, 153 AD2d 932).

We also reject the defendant's contention that the amended judgment of divorce should have been vacated insofar as it directed ancillary relief, because of the Supreme Court's failure to explicitly state the factors it considered in making its judgment. While the Supreme Court failed to explicitly state which enumerated factors it relied upon in making its determination (see, Domestic Relations Law § 236 [B] [5] [g]; [6] [b]; [7] [b]), the record contains sufficient information to permit this Court to make an informed review (see, Kokalari v Kokalari, 199 AD2d 469).

We have examined the defendant's remaining contention and find it to be without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.