■ Renee Pelletier, Appellant, v Joseph D. Pelletier, Respondent. [662 NYS2d 64] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated July 24, 1996, which, *inter alia*, (1) failed to award her an interest in the parties' marital premises, (2) directed her to transfer her 50% interest in the marital premises to the defendant husband, (3) declared certain parcels of real property located at Anderson Road, Warwarsing, New York, and One Pearl Street, Kerhonkson, New York, to be marital property and awarded the defendant a 50% interest in each property, (4) credited the defendant with $34,350 representing (a) 50% of the rental income from a property located at One Pearl Street, Kerhonkson, New York, and (b) 50% of the $25,000 of joint funds the plaintiff transferred to her son prior to the commencement of the instant action, and (5) deemed the defendant's pensions from Local No. 3 of the Electrical Workers' Union and Apex Technical School to be separate property.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) deleting the sixth, seventh, eighth, ninth, tenth, and eleventh decretal paragraphs thereof and substituting therefor a decretal paragraph declaring that the properties located at One Pearl Street, Kerhonkson, and Anderson Road, Warwarsing, are the separate property of the plaintiff, (2) deleting the thirteenth decretal paragraph thereof and substituting therefor a decretal paragraph awarding the defendant $12,500 representing 50% of the $25,000 in joint funds the plaintiff transferred to her son immediately prior to the commencement of this action, (3) deleting from the fifteenth decretal paragraph thereof the words "defendant's Apex pension", and (4) adding a decretal paragraph thereto awarding the plaintiff 50% of the marital portion of the defendant's Apex Technical School pension to be distributed pursuant to a qualified domestic relations order and permanently enjoining the defendant from withdrawing or transferring any of these pension funds without a court order; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court incorrectly awarded the defendant a 50% interest in the real property located at One Pearl Street, Kerhonkson, New York, and an unimproved parcel of land located on Anderson Road in Warwarsing, New York, held by the plaintiff. Under Domestic Relations Law § 236 (B) (5) (c), "[m]arital property shall be distributed equitably between the

parties, considering the circumstances of the case and of the respective parties". The record in this case discloses that the transfer of the Anderson Road property to the plaintiff from her cousin occurred during the marriage and was tantamount to a "gift from a party other than the spouse" and, thus, it was the separate property of the plaintiff not subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [d] [1]). Title to the Pearl Street property was taken solely in the name of the plaintiff and the mortgage was also only in her name. According to the plaintiff, all of the money used to acquire this property came from a premarital account in the name of "Renee Summerall", and the defendant did not contribute any money to the purchase price. The plaintiff introduced 12 checks establishing the source of the money used to purchase the Pearl Street property and that the checks were payments made in connection with the purchase of the property. While the defendant contends that joint funds were used to provide the down payment for the Pearl Street property he did not provide any documentation to support this claim. Furthermore, the defendant indicated that he sought a record interest in the Pearl Street property in exchange for giving the plaintiff a record interest in the marital residence. The evidence establishing that the Pearl Street property is the plaintiff's separate property is as convincing as the evidence that the marital residence is the separate property of the defendant, and the court erred in treating them differently.

Since the Pearl Street property is the separate property of the plaintiff, the defendant did not establish his entitlement to any share of the rental income. No evidence was adduced at trial regarding any appreciation of the value of either the Pearl Street or Anderson Road properties.

In addition, the court improvidently exercised its discretion in failing to award the plaintiff any portion of the defendant's Apex Technical School pension. It is undisputed that this pension was established during the parties' marriage. Therefore, it is marital property subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [d] [1]; Majauskas v Majauskas, 61 NY2d 481). Accordingly, the plaintiff is awarded 50% of the marital portion of the defendant's Apex Technical School pension, as that percentage is appropriate under the circumstances in this case (see, Kobylack v Kobylack, 62 NY2d 399; Bicknell v Bicknell, 214 AD2d 598; Duffy v Duffy, 94 AD2d 711).

The remainder of the plaintiff's contentions are without merit. Rosenblatt, J. P., Thompson, Sullivan and Friedmann, JJ., concur.