■ BARBARA KRAEGER, Respondent-Appellant, v RICHARD KRAEGER, Appellant-Respondent. [706 NYS2d 471] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Nassau County (O'Connell, J.), entered March 15, 1999, which, after a nonjury trial, inter alia, failed to award him maintenance and awarded him only $40,000 of the plaintiff wife's pension, and the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment, which, inter alia, awarded the defendant husband $62,514.50, representing 50% of the net value of the marital residence.

Ordered that the judgment is modified by deleting from the seventh decretal paragraph thereof the sum of $62,514.50 and substituting therefor the sum of $5,000; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the defendant's contentions, the trial court properly considered all of the relevant factors and providently exercised its discretion in denying his request for maintenance (see, Domestic Relations Law § 236 [B] [6] [a]; Hartog v Hartog, 85 NY2d 36, 51).

However, the trial court incorrectly determined that the marital residence, initially the plaintiff's separate property, became marital property through contributions jointly made by the

parties for its improvement and maintenance. The increased value of the marital residence, from $68,000 in 1981 to $175,000 at the time this action was commenced, was primarily due to market forces and inflation. As such, the increased value remains the plaintiff's separate property (*see, Hartog v Hartog, supra,* at 46; *Price v Price,* 69 NY2d 8, 17-18; *Feldman v Feldman,* 194 AD2d 207, 215; *see also, Goldman v Goldman,* 248 AD2d 590, 591). The improvements made to the house, which for the most part are more properly characterized as necessary maintenance rather than capital improvements, added only $10,000 in actual value. Since the defendant contributed to these improvements through both monetary and in-kind contributions, he is entitled to distribution of one-half of that amount.

The parties' remaining contentions are without merit. Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.