■ ANNE C. CASEY, Appellant-Respondent, v DANIEL CASEY, Respondent-Appellant. [734 NYS2d 228] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Austin, J.), entered August 8, 2001, which, *inter alia,* imputed income of only $70,000 to the defendant for the purpose of calculating child support, denied her motion to hold the defendant in contempt, and directed the defendant to pay her only $21,305.06 in arrears which the parties stipulated were owed under the pendente lite order, and the defendant cross-appeals, as limited by his brief, from stated portions of the same judgment, which, *inter alia,* imputed income of $70,000 to him for the purpose of calculating child support, directed that the income imputed to him shall never be less than $70,000 for the purpose of future adjustments to his child support obligation, directed the parties to share equally in the net proceeds of the sale of the marital residence, and valued his business as of the date of commencement of the action.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof directing that the income imputed to the defendant shall never be less than $70,000 for the purpose of future adjustments to his child support obligation, (2) deleting the provision thereof directing the defendant to pay $21,305.06 in arrears under the pendente lite

order, and substituting therefor a provision awarding the plaintiff $28,372.87 in arrears under the pendente lite order, and (3) deleting the provision thereof directing that the parties share equally in the net proceeds of the sale of the marital residence, and substituting therefor a provision that the defendant is entitled to 65% of the net proceeds of the sale of the marital residence and the plaintiff is entitled to 35% of the net proceeds; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied the plaintiff's motion to hold the defendant in contempt. The defendant established that the failure to make payments pursuant to the pendente lite order was not wilfull. Furthermore, the plaintiff failed to exhaust less drastic enforcement remedies (*see, Snow v Snow,* 209 AD2d 399). However, pursuant to the parties' stipulation, the plaintiff is entitled to an additional $7,061.81 in arrears under the pendente lite order.

We agree with the defendant that he is entitled to a larger share of the net proceeds from the sale of the marital residence based upon the evidence that, before the marriage, he and his mother purchased the property, and he substantially completed construction of the house. In light of these significant contributions by the defendant, we consider it just and proper to modify the judgment by awarding the defendant 65% of the net proceeds from the sale of the marital house, and the plaintiff 35% from such net proceeds (*see, Butler v Butler,* 171 AD2d 89).

The determination that an income of $70,000 should be imputed to the defendant for the purpose of calculating his child support obligation is supported by the record (*see, Gezelter v Shoshani,* 283 AD2d 455). However, as the plaintiff concedes, the judgment should not have provided that the income imputed to the defendant should never fall below $70,000 (*see, Majauskas v Majauskas,* 61 NY2d 481).

We decline to disturb the court's exercise of its discretion in selecting the date of commencement of the action as the valuation date for the defendant's business (*see, Sagarin v Sagarin,* 251 AD2d 396).

The parties' remaining contentions are without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.