■ ROSEMARY ALMEDA, Appellant, v MICHAEL HOPPER, Respondent. [767 NYS2d 884]—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Dillon, J.), dated May 21, 2002, which, after a nonjury trial, and upon decisions of the same court dated December 19, 2001, and February 13, 2002, inter alia, awarded custody of the parties' two sons to the defendant husband, awarded the defendant husband 100% of his retirement benefits, imputed an annual income of only $63,689.40 to the defendant husband for purposes of determining the award of child support, and denied her application for an award of maintenance.

Ordered that the appeal from so much of the judgment as awarded custody of the parties' older son to the defendant is dismissed as academic; and it is further,

Ordered that the judgment is affirmed insofar as reviewed, without costs or disbursements.

Any arguments that the plaintiff makes concerning custody of and visitation with the parties' older son are academic, as he has reached the age of majority (*see Belsky v Belsky,* 172 AD2d 576 [1991]; *Berk v Berk,* 170 AD2d 564, 565 [1991]). Moreover, the court's decision to award custody of the younger son to the defendant has a sound and substantial basis in the record (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]; *Vinciguerra v Vinciguerra,* 294 AD2d 565, 566 [2002]).

The court providently exercised its discretion in equitably distributing the marital assets (*see Sebag v Sebag,* 294 AD2d 560 [2002]), and in denying the plaintiff's application for maintenance (*see* Domestic Relations Law § 236 [B] [6] [a] [1]; *Mica v Mica,* 275 AD2d 765, 766 [2000]).

The court's decision to impute an annual income to the defendant of only $63,689.40 is supported by the record (*see Casey v Casey,* 289 AD2d 361, 362 [2001]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Altman, Smith and Crane, JJ., concur.