■ Wilberforce Thomas, Appellant, v Veta Thomas, Respondent. [808 NYS2d 81]—

In action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Gibson, R.), entered June 17, 2004, as, after a nonjury trial, awarded the defendant sole title to the marital residence, directed him to transfer his share of the marital residence to the plaintiff in full satisfaction of the defendant's share of the equitable distribution of the marital property, and failed to award him maintenance.

Ordered that the judgment is modified, on the law, on the facts, and as an exercise of discretion, by adding a provision thereto directing the defendant to pay to the plaintiff the sum of $30,000 as a distributive award; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

In making the determination as to the equitable distribution of the marital residence, the Special Referee failed to properly credit the plaintiff for a contribution made from his separate funds in the sum of $21,750, towards the down payment on the

marital residence. In addition, the Special Referee failed to properly credit the plaintiff for contributions he made from his separate funds towards the payment of the mortgage and other household expenses during the approximately seven years he and the defendant lived in the marital residence. Under these circumstances and considering the relative length of this marriage, together with the sparse quantitative proof as to the expenditures of any marital funds on the plaintiff's separate property in Jamaica, we find that in distributing the marital residence, the Special Referee should also have made a distributive award of $30,000 to the plaintiff (*see generally Kobylack v Kobylack,* 62 NY2d 399 [1984]; *Pelletier v Pelletier,* 242 AD2d 325 [1997]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Luciano, Skelos and Lifson, JJ., concur.