■ JOHN J. DELLAFIORA, Respondent, v KATHLEEN S. DEL-LAFIORA, Appellant. [835 NYS2d 204]—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated March 28, 2005, as, after a nonjury trial, (1) awarded her less than a 50% interest in certain real property in Highland Mills and in Cornwall, and

failed to provide for the disposition of those awards, (2) failed to determine the parties' rights to various joint accounts and certain securities, (3) denied her an award of spousal maintenance, (4) denied her an award of counsel fees, and (5) permitted her to resume use of the prior surname "McGowan."

Ordered that the judgment is modified, on the facts, (1) by deleting from the 10th decretal paragraph the words "seventy-five (75%) percent" and "twenty-five (25%) percent" and substituting therefor the words "fifty (50%) percent" and "fifty (50%) percent," respectively, (2) by deleting from the 11th decretal paragraph the words "eighty (80%) percent" and "twenty (20%) percent" and substituting therefor the words "fifty (50%) percent" and "fifty (50%) percent," respectively, and (3) by deleting from the 21st decretal paragraph the word "McGowan" and substituting therefor the word "McPhillips"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith.

The Supreme Court providently exercised its discretion in denying the defendant wife an award of spousal maintenance (*see Almeda v Hopper*, 2 AD3d 471 [2003]; *cf. Buchsbaum v Buchsbaum*, 292 AD2d 553, 554 [2002]; Domestic Relations Law § 236 [B] [6] [a]).

Under the circumstances of this case, however, the Supreme Court improvidently exercised its discretion in not awarding the defendant a 50% interest in two properties, one located in Highland Mills and the other in Cornwall. Moreover, with respect to these two properties the court also failed to "provide for the disposition thereof" (Domestic Relations Law § 236 [B] [5] [a]). As the defendant wife correctly contends, she will only be able to realize her interest in the property located in Highland Mills, where the plaintiff husband now resides, if the property is sold or if the husband purchases her interest. The same applies to the wife's interest in the property located in Cornwall, which cannot be realized unless the property is sold or the husband purchases her interest (*cf. D'Elia v D'Elia*, 14 AD3d 477, 479 [2005]). We therefore remit the matter to the Supreme Court, Orange County, for further proceedings, including a hearing, if necessary, to determine and provide for the appropriate distribution of these two properties and to amend the judgment accordingly.

We also find that the court improperly failed to order a distributive award of certain securities, valued at approximately $10,000 or $12,000, which the husband admitted were acquired

by him after the marriage and were subject to equitable distribution, as well as the sum of approximately $22,000, which remained in the parties' joint checking account at the time of the trial. Both distributions should be 50% to each party. Upon remittal, the court should distribute 50% of the above property to each party after determining the exact value of the property.

As a result of an obvious clerical error, the judgment appealed from incorrectly refers to the wife's prior surname as "McGowan" instead of the correct prior surname, "McPhillips."

The wife's remaining contentions are without merit. Crane, J.P., Goldstein, Fisher and Lifson, JJ., concur.