■ JOHN J. DELLAFIORA, Respondent, v KATHLEEN S. DELLAFIORA, Appellant. [864 NYS2d 72]—In a matrimonial action in which the parties were divorced by judgment dated March 28, 2005, the defendant former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated October 10, 2007, as (a), in effect, denied that branch of her motion which was to direct that the marital real properties be immediately listed for sale, (b) denied that branch of her motion which was for an award of an attorney's fee, and (c) granted those branches of the cross motion of the plaintiff former husband which were to direct her to pay one-half of the mortgage payments, insurance premiums, and taxes

associated with the marital properties, as well as reimbursement for one-half of the expenses paid by the plaintiff former husband since the inception of the action.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof, in effect, denying that branch of the defendant's motion which was to direct that the marital real properties be immediately listed for sale and substituting therefor a provision granting that branch of the motion, (2) by adding to the final paragraph thereof the following words ", less an amount equal to one-half of any rents received from the marital real properties since the inception of the underlying action," and (3) by adding a provision thereto awarding the defendant an attorney's fee in the sum of $10,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to direct the defendant to pay one-half of the mortgage payments, insurance premiums, and taxes associated with the marital real properties, as well as reimbursement for one-half of the expenses paid by the plaintiff since the inception of the action (*see Loria v Loria*, 46 AD3d 768, 770 [2007]; *Chabbott v Chabbott*, 306 AD2d 368, 369 [2003]; *Rubin v Rubin*, 262 AD2d 390 [1999]). However, the court should have directed that the amount due be offset by an amount equal to one-half of the rental income received by the plaintiff from the marital real properties.

Under the circumstances, the Supreme Court improvidently exercised its discretion by, in effect, denying that branch of the defendant's motion which was to direct that the marital real properties be immediately listed for sale (*see Dellafiora v Dellafiora*, 38 AD3d 825, 826 [2007]; Domestic Relations Law § 236 [B] [5] [a]).

"The award of reasonable counsel fees is a matter within the sound discretion of the trial court. The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999] [citations omitted]; *see* Domestic Relations Law § 237 [a]; *Prichep v Prichep*, 52 AD3d 61 [2008]; *Miklos v Miklos*, 21 AD3d 353 [2005]). The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation (*see Ciampa v Ciampa*, 47 AD3d 745, 748

[2008]; *Timpone v Timpone*, 28 AD3d 646, 646 [2006]; *Morrissey v Morrissey*, 259 AD2d at 473; *Walker v Walker*, 255 AD2d 375, 376 [1998]). Here, the Supreme Court improvidently exercised its discretion in declining to award the defendant an attorney's fee.

The defendant's remaining contentions are without merit.

Motion by the appellant on an appeal from an order of the Supreme Court, Orange County, dated October 10, 2007, to strike portions of the respondent's brief on pages 11 through 13 and 14 through 15 on the ground that they refer to matter dehors the record. Cross motion by the respondent to strike portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated May 6, 2008, the motion and cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted and the following portions of the respondent's brief are deemed stricken and have not been considered on the appeal: the second full paragraph on page 11 beginning with "Defendant-appellant's claim" through the first four words on page 13, and the third sentence in the first full paragraph on page 14 beginning with "At a conference before the trial Court" through the first paragraph on page 15 ending with the words "events that have occurred in the trial Court"; and it is further,

Ordered that the cross motion is granted to the extent that the entire footnote on page 14 of the appellant's main brief is deemed stricken, that footnote has not been considered on the appeal, and the cross motion is otherwise denied. Fisher, J.P., Covello, Angiolillo and Balkin, JJ., concur.