■ DEBORAH ANN BROOKS, Appellant, v JON TRAVIS BROOKS, Respondent. [867 NYS2d 451]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Diamond, J.), entered January 8, 2007, which, inter alia, awarded her nondurational maintenance in the sum of only $1,250 per month and directed each party to retain his or her own pension and retirement assets.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting from the third decretal paragraph thereof the phrase "$15,000.00 per year in nondurational maintenance, payable at the rate of $1,250 monthly" and substituting therefor the phrase "$18,000 per year in nondurational maintenance, payable at the rate of $1,500 monthly", and (2) by deleting the sixth decretal paragraph thereof directing each party to retain his or her own pension and retirement assets and substituting therefor a provision awarding each party a 50% interest in the marital portion of the parties' pension and retirement assets with a lump sum to be distributed to the plaintiff in the amount of $87,090.16; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on November 10, 1991 and the plaintiff commenced this action for a divorce and ancillary relief on or about October 9, 2003. The plaintiff has chronic obstructive pulmonary disease and is totally disabled. There are no children of the marriage.

The Supreme Court improvidently exercised its discretion in limiting the plaintiff's award of nondurational maintenance to $15,000 per year, or $1,250 per month. "The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Grasso v Grasso,* 47 AD3d 762, 764 [2008]; *see Sperling v Sperling,* 165 AD2d 338, 341 [1991]). Considering all the relevant factors, including the plaintiff's total disability, the improbability of her being able to find gainful employment due to that disability, as well as the parties' pre-divorce standard of living, their disparity in income, and the plaintiff's lack of future earning potential, in this instance an award of $1,500 as monthly nondurational maintenance is appropriate (*see* Domestic Relations Law § 236 [B] [6]; *Xikis v Xikis,* 43 AD3d 1040 [2007]; *cf. Mazzone v Mazzone,* 290 AD2d 495 [2002]).

The Supreme Court also improvidently exercised its discretion in directing each party to retain his or her own pension and retirement assets rather than equitably distributing them,

since pension benefits earned during a marriage and prior to the commencement of a divorce action constitute marital property (*see Olivo v Olivo,* 82 NY2d 202, 207 [1993]; *Majauskas v Majauskas,* 61 NY2d 481, 489-490 [1984]; *Perri v Perri,* 97 AD2d 399, 400 [1983]). Under the circumstances of this case, it is appropriate to award each party a 50% interest in the marital portion of the parties' pension and retirement assets which, together, total $274,565.68 (*see Milteer v Milteer,* 6 AD3d 407 [2004]; *Pelletier v Pelletier,* 242 AD2d 325 [1997]; *Neumark v Neumark,* 120 AD2d 502 [1986]; *Kobylack v Kobylack,* 111 AD2d 221 [1985]; *Perri v Perri,* 97 AD2d at 400). Accordingly, each party is entitled to receive the sum of $137,282.84. Since the value of the marital portion of the plaintiff's pension and retirement assets is $50,192.68, she is entitled to the additional sum of $87,090.16 from the marital portion of the defendant's pension and retirement assets. In light of the plaintiff's poor health and life expectancy, it is appropriate to award the plaintiff her portion thereof as a lump sum (*see Glasberg v Glasberg,* 162 AD2d 586 [1990]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.