■ SUSAN B. MONOSSON, Respondent, v DANIEL B. MONOSSON, Appellant. [911 NYS2d 438]—

In a matrimonial action in which the parties were divorced by judgment dated October 15, 2007, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Falanga, J.), dated August 12, 2009, which granted that branch of the plaintiff former wife's cross motion which was for awards of counsel fees and expert fees to the extent of awarding her a counsel fee in the sum of $10,000 and an expert fee in the sum of $3,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for an award of a counsel fee to the extent of awarding her the sum of $10,000 and substituting therefor a provision denying that branch of her cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"The award of reasonable counsel fees is a matter within the sound discretion of the trial court. The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties' positions and their respective financial positions in determining whether an award is appropriate" (*Morrissey v Morrissey*, 259 AD2d 472, 473 [1999] [citation omitted]; *see* Domestic Relations Law former § 237 [a]; *Dellafiora v Dellafiora*, 54 AD3d 715, 716 [2008]). Under the circumstances presented here, including the relief requested in the postjudgment motion and cross motion for which the award of counsel and expert fees are sought, the Supreme Court's finding that neither party's position lacked merit, the parties' financial positions, and the provisions regarding counsel and expert fees contained in the parties' separation agreement, which was incorporated, but not merged, into the judgment of divorce, the Supreme Court improvidently exercised its discretion in awarding the former wife a counsel fee, even in an amount significantly lower than she requested (*see* Domestic Relations Law former § 237 [b]; *cf. Dellafiora v Dellafiora*, 54 AD3d at 716-717; *Miklos v Miklos*, 21 AD3d 353 [2005]). The Supreme Court, however, did not improvidently exercise its discretion with respect to the award of an expert fee (*see Klisivitch v Klisivitch*, 291 AD2d 433 [2002]). Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.