In the Matter of MICHAEL K. LYONS, Respondent, v AUDREY LYONS, Appellant. [926 NYS2d 834]—

The appeal from so much of the order dated August 9, 2010, as denied those branches of the motion of Audrey Lyons which were to preclude the testimony of a court-appointed forensic evaluator at a hearing to be held on the issue of custody and to preclude the use of that evaluator's report at the hearing must be dismissed because it concerns an evidentiary ruling, which, even when made in advance of a hearing or trial on motion papers, is not appealable as of right or by permission (*see also Leftow v Leftow*, 104 AD2d 590, 590-591 [1984]; *Cortez v Northeast Realty Holdings, LLC*, 78 AD3d 754, 757 [2010]; *Barnes v Paulin*, 52 AD3d 754, 754-755 [2008]; *Cotgreave v Public Adm'r of Imperial County [Cal.]*, 91 AD2d 600, 601 [1982]; *cf. Scalp & Blade v Advest, Inc.*, 309 AD2d 219 [2003]; *Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 810-811 [2003]). Although we must dismiss this portion of the appeal, this should not be construed as an indication that there is no merit to the contentions of Audrey Lyons which cannot be reviewed at this point in the proceedings.

The Supreme Court did not improvidently exercise its discretion in denying those branches of the motion of Audrey Lyons which were for awards of interim counsel and expert fees under the circumstances presented here (*see Avello v Avello*, 72 AD3d 850, 852 [2010]; *cf. Monosson v Monosson*, 78 AD3d 912, 913 [2010]; *Prichep v Prichep*, 52 AD3d 61, 65 [2008]).

The Supreme Court properly denied that branch of the motion of Audrey Lyons and that branch of her subsequent cross motion which were to reinstate, without first holding a hearing, the custody arrangement provided for in the parties' 2006 marital settlement agreement and judgment of divorce. The parties had modified that custody arrangement by stipulation, and the Supreme Court correctly determined that a hearing was necessary to determine whether reinstatement of the original custody arrangement was appropriate (*see Cieri v Cieri*, 56 AD3d 409, 410 [2008]; *Biagi v Biagi*, 124 AD2d 770, 771 [1986]; *Matter of Hudgins v Goodley*, 301 AD2d 524 [2003]).

The remaining contention of Audrey Lyons is without merit. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.