# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**20.1**
**CA 12-00070**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

WILLIAM E. DECKER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PATRICIA A. DECKER, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

CAROL A. CONDON, BUFFALO, FOR DEFENDANT-APPELLANT.

PALMER, MURPHY & TRIPI, BUFFALO (THOMAS A. PALMER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Janice M. Rosa, J.), entered February 8, 2011 in a divorce action. The judgment, among other things, directed plaintiff to pay the sum of $2,000 towards defendant's outstanding legal bills.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Following the settlement of the parties' matrimonial action but before judgment was entered, defendant moved for an award of counsel fees in excess of $19,000 dollars, contending that she was entitled to such fees on a quantum meruit basis. Supreme Court granted her motion only to the extent of awarding her the sum of $2,000, and in appeal No. 2 defendant appeals from the judgment granting her motion in part. We note that in appeal No. 1 defendant also appeals from the underlying order deciding her motion, but that order is subsumed in the final judgment and thus the appeal therefrom must be dismissed (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank, N.A. v Roberts & Roberts, Inc.*, 63 AD2d 566, 567; *see also* CPLR 5501 [a] [1]).

" 'The award of reasonable counsel fees is a matter within the sound discretion of the trial court' " (*Dellafiora v Dellafiora*, 54 AD3d 715, 716; *see Panek v Panek*, 231 AD2d 959), and such awards are intended "to redress the economic disparity between the monied spouse and the non-monied spouse" (*O'Shea v O'Shea*, 93 NY2d 187, 190; *see Matter of William T.M. v Lisa A.P.*, 39 AD3d 1172). In exercising its discretion to award such fees, "a court may consider all of the circumstances of a given case, including the financial circumstances of both parties, the relative merit of the parties' positions . . ., the existence of any dilatory or obstructionist conduct . . ., and 'the time, effort and skill required of counsel' " (*Blake v Blake*

[appeal No. 1], 83 AD3d 1509).

Here, it is undisputed that there was a significant disparity in the parties' incomes. In the years leading up to the parties' divorce, plaintiff's annual income averaged approximately $183,000, while defendant's annual income averaged approximately $27,000. In the judgment, however, defendant was awarded maintenance in the amount of $3,750 per month. Taking maintenance into account, the parties' annual incomes are now approximately $140,000 and $69,000, respectively. Thus, plaintiff has 67% of the parties' adjusted combined income. The total amount of counsel fees billed to defendant was $31,646.50, excluding interest, costs and disbursements. Of that amount, plaintiff has paid $12,050, including the $2,000 required by the judgment from which defendant appeals. The amount of the counsel fees incurred by plaintiff is not set forth in the record because defendant's request for counsel fees was filed before October 12, 2010, the effective date for the amendment to Domestic Relations Law § 237 (a) that requires *both* parties to a fee application to submit affidavits setting forth the amount paid in fees to date. If we assume, however, that plaintiff incurred roughly the same amount in counsel fees as did defendant, and there is no basis in the record from which to conclude that he paid any less, we would thus conclude that plaintiff has paid approximately 65% of the total amount of counsel fees incurred by both parties, after affording defendant a one-half credit for the initial retainer paid by plaintiff with marital funds to his first attorney. That percentage is commensurate with plaintiff's pro rata share of the parties' combined income. Under the circumstances, it cannot be said that the court's award constitutes either an abuse or an improvident exercise of discretion.

Finally, we reject defendant's contention that a higher award of counsel fees was warranted due to obstructionist tactics engaged in by plaintiff that hindered a more timely settlement of the disputed issues. The trial court stated in its decision that "each party took difficult positions at different times throughout this litigation. In essence, each party held settlement of this matter 'hostage' to gain leverage over the other during negotiations." It thus appears that the court found the parties to be equally at fault for the prolonged litigation. In that regard, we afford great deference to the trial court, which presided over the case from its inception and is more familiar with the parties' positions during settlement negotiations. We therefore cannot agree with defendant that the record clearly establishes that plaintiff is more at fault for engaging in obstructionist tactics that led to increased counsel fees.

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court