PENELOPE REDDAN, Appellant, v HAROLD REDDAN, Respondent. [937 NYS2d 882]

The Supreme Court providently exercised its discretion in declining to award the plaintiff maintenance (*see* Domestic Relations Law § 236 [B] [6] [a]; *Dellafiora v Dellafiora*, 38 AD3d 825, 826 [2007]; *Almeda v Hopper*, 2 AD3d 471 [2003]; *Mica v Mica*, 275 AD2d 765, 766 [2000]; *Kraeger v Kraeger*, 271 AD2d 657 [2000]).

Contrary to the plaintiff's contention, the Supreme Court properly denied her request for a credit for her purported separate property contribution to improvements made to the mari-

tal residence (*see Traut v Traut*, 181 AD2d 671, 672 [1992]). The determination as to whether separate property was used for certain renovations depended upon the credibility of the parties at the hearing, and the credibility determinations made by the Supreme Court are supported by the record.

The Supreme Court improvidently exercised its discretion in failing to award the plaintiff an attorney's fee (*see* Domestic Relations Law § 237 [a]). An attorney's fee should have been awarded based on the relative financial positions of the parties and the relative merits of their respective positions (*see Prichep v Prichep*, 52 AD3d 61, 64 [2008]; *Schek v Schek*, 49 AD3d 625, 626 [2008]). Therefore, the matter must be remitted to the Supreme Court, Nassau County, to determine an appropriate amount to be awarded as an attorney's fee (*see Kalinich v Kalinich*, 234 AD2d 344, 344-345 [1996]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.