In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Dutchess County (Pagones, J.), dated June 24, 2011, which, after a nonjury trial, inter alia, (1) denied him maintenance, and alleged arrears of pendente lite maintenance, (2) determined that real property located in Cold Spring, New York, was the defendant’s separate property, (3) limited his distributive award relating to real property located on Diddell Road in Wappingers Falls, New York, to $75,000, (4) awarded him only 30% as his equitable share of the marital property consisting of 254 Titusville Road, Wappingers Falls, New York, 1090 Route 376, Wappingers Falls, New York, and F.E.N. Enterprises of New York, Inc./F.E.N. Auto Works, Inc., (5) declared that a receiver appointed to sell certain assets would receive a 5% commission pursuant to CPLR 8004, (6) denied his application for an award of an attorney’s fee and expert witness *606 fees, (7) failed to award him certain personal property in kind, including a 1958 Cadillac Seville and a 1955 Cadillac Eldorado, and (8) failed to adjudicate him an innocent spouse with respect to corporate taxes of the parties’ business and personal taxes.
Ordered that the judgment is modified, on the facts, and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff only 30% as his equitable share of the marital property consisting of 254 Titusville Road, Wappingers Falls, New York, 1090 Route 376, Wappingers Falls, New York, and F.E.N. Enterprises of New York, Inc./F.E.N. Auto Works, Inc., and substituting therefor provisions awarding the plaintiff 50% as his equitable share of that marital property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
In a matrimonial action the court “may order maintenance in such amount as justice requires” (Domestic Relations Law § 236 [B] [6] [a]). In determining the amount and duration of an award of maintenance, the court “must consider the factors enumerated in Domestic Relations Law § 236 (B) (6) (a), which include the predivorce standard of living of the parties, the income and property of the parties, the equitable distribution of marital property, the duration of the marriage, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, and the reduced or lost earning capacity of the party seeking maintenance” (Giokas v Giokas, 73 AD3d 688, 689 [2010]; see Baron v Baron, 71 AD3d 807, 809 [2010]). Here, upon consideration of the relevant factors, the Supreme Court providently exercised its discretion in declining to award the plaintiff maintenance (see Reddan v Reddan, 92 AD3d 665 [2012]; Dellafiora v Dellafiora, 38 AD3d 825, 826 [2007]).
However, the Supreme Court improvidently exercised its discretion in awarding the plaintiff only 30% as his equitable share of the marital property consisting of 254 Titusville Road, Wappingers Falls, New York, 1090 Route 376, Wappingers Falls, New York, and F.E.N. Enterprises of New York, Inc./F.E.N. Auto Works, Inc. “Equitable distribution does not necessarily mean equal distribution” (Michaelessi v Michaelessi, 59 AD3d 688, 689 [2009]). Nevertheless, taking into consideration the circumstances of the case, including the long duration of the marriage, the contribution of each spouse to the marriage and to the parties’ automobile restoration business, and the probable future financial circumstances of each party, we find that an equal distribution of that marital property would be the more equitable disposition (see Domestic Relations Law § 236 [B] [5] [c], [d]; *607 Williams v Williams, 245 AD2d 49, 49 [1997]; Miller v Miller, 128 AD2d 844, 845-846 [1987]).
“The award of reasonable counsel fees is a matter within the sound discretion of the trial court. The issue of counsel fees is controlled by the equities and circumstances of each particular case, and the court must consider the relative merits of the parties’ positions and their respective financial positions in determining whether an award is appropriate” (Morrissey v Morrissey, 259 AD2d 472, 473 [1999]; see Domestic Relations Law § 237 [a]; Brantly v Brantly, 89 AD3d 881, 882-883 [2011]; Dellafiora v Dellafiora, 54 AD3d 715, 716 [2008]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in declining to award the plaintiff an attorney’s fee.
The plaintiffs remaining contentions are either without merit or not properly before this Court. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur.