# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**374**
**CA 15-01179**
PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

MICHAEL C. TERRANOVA, PLAINTIFF-RESPONDENT,

                       V                                 MEMORANDUM AND ORDER

PATRICIA TERRANOVA, DEFENDANT-APPELLANT.

---

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR DEFENDANT-APPELLANT.

COHEN & LOMBARDO, P.C., BUFFALO (ANDRES D. ORTIZ OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 14, 2014 in a divorce action. The order determined that each party is responsible for his or her own counsel fees.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: As part of the settlement by stipulation of this matrimonial action, the parties agreed to waive a hearing and to submit their counsel fee applications on a quantum meruit basis. Supreme Court denied both applications, and defendant appeals. We affirm.

"The award of reasonable counsel fees is a matter within the sound discretion of the trial court" (*Decker v Decker*, 91 AD3d 1291, 1291 [internal quotation marks omitted]; *see Dellafiora v Dellafiora*, 54 AD3d 715, 716). "[S]uch awards are intended 'to redress the economic disparity between the monied spouse and the non-monied spouse' " (*Decker*, 91 AD3d at 1291, quoting *O'Shea v O'Shea*, 93 NY2d 187, 190). "In exercising its discretion to award such fees, a court may consider all of the circumstances of a given case, including the financial circumstances of both parties, the relative merit of the parties' positions . . . , the existence of any dilatory or obstructionist conduct . . . , and the time, effort and skill required of counsel" (*Decker*, 91 AD3d at 1291 [internal quotation marks omitted]; *see Blake v Blake* [appeal No. 1], 83 AD3d 1509, 1509).

We conclude that the court providently exercised its discretion in declining to award counsel fees to defendant. The court determined that "both parties were dilatory in the prosecution and ultimate resolution of this matter, and each incurred fees unnecessarily" and,

therefore, found the parties to be equally at fault.  "In that regard, we afford great deference to the trial court, which presided over the case from its inception and is more familiar with the parties' positions during settlement negotiations" (*Decker*, 91 AD3d at 1292). "We therefore cannot agree with defendant that the record clearly establishes that plaintiff is more at fault for engaging in obstructionist tactics that led to increased counsel fees" (*id.*).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court