■ MICHELLE D. SCARAMUCCI, Appellant, v ROBERT SCARAMUCCI, Respondent. [33 NYS3d 377]—

Appeal from stated portions of a judgment of divorce of the Supreme Court, Suffolk County (John J. Leo, J.), dated March 25, 2014. The judgment, upon a decision and order dated December 10, 2013, made after a nonjury trial, inter alia, directed an equal distribution of the net proceeds of the sale of the marital residence, equitably distributed each party's deferred compensation account and pension assets, determined that the defendant had an enhanced earning capacity of only $75,000, and limited the plaintiff's share of the defendant's enhanced earning capacity to 15% of those earnings.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1994, and there were no children of the marriage. In 2011, the plaintiff commenced this action for a divorce and ancillary relief. By judgment of divorce

dated March 25, 2014, the Supreme Court, after a nonjury trial, inter alia, directed the equitable distribution of the marital assets. The plaintiff appeals from so much of the judgment as directed an equal distribution of the net proceeds of the sale of the marital residence, equitably distributed each party's deferred compensation account and pension assets, determined that the defendant had an enhanced earning capacity of only $75,000, and limited the plaintiff's share of the defendant's enhanced earning capacity to 15% of those earnings.

"The trial court is vested with broad discretion in making an equitable distribution of marital property and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013] [ellipses and internal quotation marks omitted]; *see Michaelessi v Michaelessi*, 59 AD3d 688 [2009]).

Equitable distribution law does not mandate an equal division of marital property (*see Arvantides v Arvantides*, 64 NY2d 1033 [1985]; *Nicodemus v Nicodemus*, 98 AD3d 605 [2012]; *Michaelessi v Michaelessi*, 59 AD3d 688 [2009]; *Glasberg v Glasberg*, 162 AD2d 586 [1990]; *Gilkes v Gilkes*, 150 AD2d 200 [1989]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (*see Holterman v Holterman*, 3 NY3d 1, 7 [2004]; *Halley-Boyce v Boyce*, 108 AD3d 503 [2013]; Domestic Relations Law § 236 [B] [5] [d]). Those factors include: the income and property of each party at the time of the marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper (*see* Domestic Relations Law § 236 [B] [5] [d]).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in directing that the net proceeds of the sale of the marital residence be distributed equally between the parties. Based on the parties' testimony, the court correctly concluded that their acts of jointly pooling their money and efforts to purchase and renovate the marital home showed a true economic partnership wherein each expected to share equally in the result (*see Halley-Boyce v Boyce*, 108 AD3d 503 [2013]; *Nicodemus v Nicodemus*, 98 AD3d 605 [2012]; *Michaelessi v Michaelessi*, 59 AD3d 688 [2009]).

Contrary to the plaintiff's contention, the Supreme Court properly determined that each party's deferred compensation account and pension assets constituted marital property subject to equitable distribution (*see Olivo v Olivo*, 82 NY2d 202 [1993]; *Majauskas v Majauskas*, 61 NY2d 481 [1984]; *Brooks v Brooks*, 55 AD3d 520 [2008]; *Perri v Perri*, 97 AD2d 399 [1983]). Furthermore, the court providently awarded each party a 50% interest in the marital portion of the parties' respective deferred compensation and pension assets (*see Brooks v Brooks*, 55 AD3d at 522; *Milteer v Milteer*, 6 AD3d 407 [2004]; *Pelletier v Pelletier*, 242 AD2d 325 [1997]; *Neumark v Neumark*, 120 AD2d 502 [1986]; *Kobylack v Kobylack*, 111 AD2d 221 [1985]; *Perri v Perri*, 97 AD2d at 400).

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in accepting the valuation expert's opinion that the defendant had an enhanced earning capacity of $75,000 based upon his degrees and professional license earned during the marriage (*see Esposito-Shea v Shea*, 94 AD3d 1215 [2012]; *Evans v Evans*, 55 AD3d 1079 [2008]) and in limiting the plaintiff's distributive share of the defendant's enhanced earning capacity to 15% of those earnings (*see Higgins v Higgins*, 50 AD3d 852 [2008]; *Farrell v Cleary-Farrell*, 306 AD2d 597 [2003]; *Brough v Brough*, 285 AD2d 913 [2001]). Leventhal, J.P., Chambers, Hinds-Radix and Connolly, JJ., concur.