Iannazzo v Iannazzo (2021 NY Slip Op 04852)





Iannazzo v Iannazzo


2021 NY Slip Op 04852


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


568 CA 20-01095

[*1]JOSEPH IANNAZZO, PLAINTIFF-RESPONDENT,
v
ELIZABETH IANNAZZO, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






SHELBY, BAKSHI & WHITE, WILLIAMSVILLE (JUSTIN S. WHITE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Mary L. Slisz, J.), entered August 5, 2020 in a divorce action. The judgment, inter alia, granted plaintiff a divorce. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the fourth decretal paragraph, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: The parties were married in October 2006 and physically separated in 2014. In October 2014, defendant obtained an order from Family Court requiring plaintiff to pay weekly spousal support, which remained in effect throughout the instant divorce proceedings. Plaintiff commenced a divorce action later that month, although that action was dismissed in 2016 due to his failure to serve defendant with the complaint in that action and his lack of capacity to do so following a workplace injury sustained by plaintiff in 2015. Following the dismissal of the first divorce action, Supreme Court (Ward, J.) appointed a guardian for plaintiff pursuant to article 81 of the Mental Hygiene Law. Plaintiff then commenced the instant divorce action in 2019. Following a trial, Supreme Court (Slisz, J.) entered an order denying defendant's motion seeking, among other things, attorney's fees, and subsequently entered a judgment of divorce that, inter alia, granted plaintiff a divorce on the ground of irretrievable breakdown of the marriage.
In appeal No. 1, defendant appeals from the order that denied her motion. In appeal No. 2, defendant appeals from the judgment of divorce. As an initial matter, the right to appeal from the order in appeal No. 1 terminated upon entry of the final judgment of divorce and the appeal therefrom should be dismissed (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]), although any appealable issues raised with respect to that order may be considered on the appeal from the judgment (see Bohner v Bohner, 186 AD3d 1481, 1481 [2d Dept 2020]).
Contrary to defendant's contention, the court did not err in denying her request for attorney's fees. "The award of reasonable counsel fees is a matter within the sound discretion of the trial court" (Decker v Decker, 91 AD3d 1291, 1291 [4th Dept 2012] [internal quotation marks omitted]). "[S]uch awards are intended to redress the economic disparity between the monied spouse and the non-monied spouse" (Terranova v Terranova, 138 AD3d 1489, 1489 [4th Dept 2016] [internal quotation marks omitted]). "In exercising its discretion to award such fees, a court may consider all of the circumstances of a given case, including the financial circumstances of both parties, the relative merit of the parties' positions . . . , the existence of any dilatory or obstructionist conduct . . . , and the time, effort and skill required of counsel" (id. at 1490 [internal quotation marks omitted]; see Prochilo v Prochilo, 165 AD3d 1304, 1304 [2d Dept 2018]). Pursuant to Domestic Relations Law § 237 (a), there exists "a rebuttable [*2]presumption that counsel fees shall be awarded to the less monied spouse." Here, the court's determination to deny defendant's request for attorney's fees was largely based on its assessment of defendant's credibility at trial regarding the state of her own finances, her failure to fully account for large sums of money that she had received, and her failure to fully account for assets belonging to plaintiff that she purportedly used for his benefit during the period they were separated. Giving due deference to the court's credibility determinations (see generally Wilkins v Wilkins, 129 AD3d 1617, 1618 [4th Dept 2015]), we conclude that the court did not abuse its discretion in denying defendant's request for attorney's fees.
Contrary to defendant's further contention, the court properly excluded the proceeds from plaintiff's pending personal injury action from the equitable distribution of the parties' property (see D'Ambra v D'Ambra [appeal No. 2], 94 AD3d 1532, 1535 [4th Dept 2012]; see Domestic Relations Law § 236 [B] [1] [d] [2]). Again giving due deference to the court's credibility determinations, we reject defendant's contention that the court erred in its allocation of the parties' debts and its refusal to reimburse defendant for funds she claimed to have expended for plaintiff's benefit (see generally McPheeters v McPheeters, 284 AD2d 968, 969 [4th Dept 2001]).
We agree with defendant, however, that the court erred in its calculation of post-divorce maintenance under the guidelines prescribed by Domestic Relations Law § 236 (B) (6). Specifically, when determining the amount of plaintiff's income for the purposes of fashioning a post-divorce maintenance award, the court excluded plaintiff's military pension. Although the court properly determined that the military pension was separate property and not subject to equitable distribution, that pension nevertheless should have been included as income for the purposes of determining post-divorce maintenance (see Carl v Carl, 58 AD3d 1036, 1037 [3d Dept 2009]). By failing to include plaintiff's pension in its calculation of income for purposes of post-divorce maintenance, the court's initial calculation of the amount of maintenance under the guidelines (see
§ 236 [B] [6] [c]) was incorrect. We therefore modify the judgment by vacating the fourth decretal paragraph, and we remit the matter to Supreme Court for a recalculation of the amount of post-divorce maintenance under the guidelines (see § 236 [B] [6] [c]), after which the court may determine whether to adjust that amount pursuant to Domestic Relations Law § 236 (B) (6) (e), and determine the appropriate duration of maintenance based on the parties' marriage of 12 years and 4 months (see § 236 [B] [6] [f]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court